Singh v. Lynch

BIA
Christensen, IJ
A201 293 686

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of June, two thousand sixteen.

PRESENT:
        JOHN M. WALKER, JR.,
        PIERRE N. LEVAL,
        JOSÉ A. CABRANES,
            *Circuit Judges.*
_____

PALWINDER SINGH,
        *Petitioner,*

        v.                                      14-4773
                                                NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Palwinder Singh, pro se, Ravenna, Ohio.

FOR RESPONDENT:        Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Cindy S. Ferrer, Assistant Director; Kimberly A. Burdge, Trial Attorney,

Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Palwinder Singh, a native and citizen of India, seeks review of a December 8, 2014, decision of the BIA, affirming an April 11, 2013, decision of an Immigration Judge ("IJ") denying Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Palwinder Singh,* No. A201 293 686 (B.I.A. Dec. 8, 2014), *aff'g* No. A201 293 686 (Immig. Ct. N.Y. City Apr. 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

As an initial matter, although Singh did not raise his specific challenges to the IJ's adverse credibility determination in his brief to the BIA, we consider Singh's arguments exhausted because, in upholding the IJ's adverse credibility determination, the BIA excused his failure to exhaust by thoroughly reviewing each inconsistency finding. *See Xian Tuan Ye v. Dep't of Homeland Security*, 446 F.3d 289, 296-97 (2d Cir. 2006). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on inconsistencies in an asylum applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Singh was not credible.

The IJ reasonably relied on record inconsistencies related to Singh's activities immediately after Congress Party members purportedly attacked him in April 2011. *See Xiu Xia Lin*, 534 F.3d at 166-67. Singh testified that he drove himself to the doctor and then to his in-laws' house, but a friend's corroborating letter stated inconsistently that Singh had

passed out during the attack and remained bedridden for two days.  When confronted with this inconsistency, Singh stated inconsistently with his earlier testimony that he had walked to his father's house and that his father had driven him to the doctor.  The IJ was not compelled to credit Singh's explanation given that it created further inconsistencies.  *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ also reasonably relied on the fact that letters from Singh's father, village leader, and neighbor omitted any mention of his attacks, even though they purportedly had firsthand knowledge of them.  *See Xiu Xia Lin*, 534 F.3d at 166 n.3 ("[a]n inconsistency and an omission are . . . functionally equivalent.").

Given the inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Singh's claims for asylum, withholding of removal, and CAT relief.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).  We do not consider Singh's unexhausted argument that the IJ erred in declining to adjourn proceedings.

*See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-24 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5